UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Akoi S.,<br><br>Petitioner,<br><br>v.<br><br>Kevin K. McAleenan, Secretary of Homeland Security[1]; William P. Barr, United States Attorney General[2]; Scott Baniecke, ICE Field Office Director; and Joel Brott, Sherburne County Sheriff,<br><br>Respondents. | Case No. 19-cv-0742 (WMW/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

On March 18, 2019, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention pending removal. The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Petitioner was removed from the United States on April 23, 2019 and his petition should be dismissed as moot.

**I.   Background**

Petitioner is a citizen and native of Liberia. McPherson Decl. ¶ 4, *Akoi v. DHS/ICE*, No. 18-cv-3021 (WMW/HB) (D. Minn. Dec. 6, 2018) [Doc. No. 12].) He

---

[1] Kevin K. McAleenan, Acting Secretary of Homeland Security, is substituted for Kirstjen Nielsen, former Secretary of Homeland Security, pursuant to Federal Rule of Civil Procedure 25(d).
[2] William P. Barr, United States Attorney General, is substituted for Matthew Whitaker, former Acting Attorney General, pursuant to Federal Rule of Civil Procedure 25(d).

entered the United States in New York on September 25, 2015 and was admitted as a Lawful Permanent Resident. (*Id.* ¶ 4.) After three criminal convictions in Hennepin County District Court, immigration officials commenced removal proceedings against him. (*Id.* ¶¶ 5–7.) On February 6, 2018, Petitioner was arrested at the Hennepin County Jail by immigration officials and moved to Carver County Jail. (*Id.* ¶ 8.)

On May 8, 2018, an Immigration Judge ordered Petitioner removed to Liberia. (*Id.* ¶ 14.) Petitioner's applications for relief from removal, including voluntary departure, asylum, withholding of removal, and relief under the Convention Against Torture were all denied. (*Id.*) On May 22, 2018, Petitioner appealed the decision to the BIA, and on October 3, 2018, his appeal was denied. (*Id*. ¶¶ 15–16.) The BIA also ordered his removal to Liberia. (*Id.* ¶ 16.) A warrant of removal/deportation was issued on October 16, 2018, and immigration officials removed Petitioner from the United States on a Royal Air Maroc flight on April 23, 2019. (McPherson Decl. ¶ 4, Ex. 1, May 14, 2019 [Doc. No. 12].)

## II.     Discussion

Under article III, section 2, of the United States Constitution, federal court jurisdiction is limited "to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (citation and quotation marks omitted). Article III mootness divests the Court of subject matter jurisdiction. *See id.* If a court determines that it lacks

subject-matter jurisdiction at any time during a case, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Petitioner's removal from the United States leaves nothing for the Court to grant by way of habeas relief. He is no longer in the custody of United States Immigration and Customs Enforcement, and as a result, the Court cannot order his release. Any such order would be ineffectual. Therefore, Petitioner's habeas petition is moot. *See, e.g.*, *Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), *R. & R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immig. Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010).

Before recommending dismissal of the petition based on mootness, however, the Court must determine whether any of the following exceptions to mootness exist:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*See Ahmed*, 2017 WL 3267738, at *2 (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)). The Court concludes that none of the exceptions apply in this case. First, there are no surviving secondary or collateral injuries stemming from the allegedly prolonged detention, and any alleged injuries arising from the final order of removal itself are not cognizable in federal court. *See id.* Second, an allegedly unlawful period of immigration detention is unlikely to be repeated, given Petitioner's removal from the United States. *See id.* Third, there is no reason to believe that Respondents acted

3

purposely to deprive this Court of jurisdiction.  Finally, the exception relating to class actions is inapplicable, because Petitioner requested relief only on his own behalf, not on behalf of a class of individuals.  *See id.*

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Akoi S.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DISMISSED AS MOOT**.

Dated: June 26 2019                                s/Hildy Bowbeer
                                                                HILDY BOWBEER
                                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).